# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER M. PETRULLO,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15CV00589 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SUPT. WILLIAM WILSON, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Christopher M. Petrullo, Pro Se Plaintiff.*

Plaintiff Christopher M. Petrullo, a Virginia inmate proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983, alleging that a jail's deficient law library is interfering with his right to represent himself in his criminal case. After review of the complaint, I conclude that the action must be summarily dismissed.

## I.

Petrullo is being detained at the Rappahannock Shenandoah Warren Regional Jail ("RSW") on unspecified criminal charges, allegedly facing a potential sentence of twenty years in prison. He has chosen to defend himself, rather than accept court-appointed counsel. When he sought access to legal materials at RSW to assist in preparing his defense, he was dissatisfied with the results. Inmates do not have regular access to the RSW law library; they must write a request for such access, which is granted on an "as needed basis," if jail

staff are available for escort duty. (Compl. 3, ECF No. 1.) Each visit is limited to thirty minutes. Despite writing numerous requests, Petrullo has been granted one visit in thirteen days.

The law library itself allegedly contains one computer and one bookcase. The books on the bookshelves do not include any legal guides or resources. Rather, the shelves are stocked with religious books, hymnals, and GED guides. Petrullo explained to a jail sergeant that he was representing himself and needed access to legal resources. The sergeant answered, "You should have hired a public defender." (*Id.*) Jail staff have allegedly refused to provide Petrullo with a grievance form, so that he can lodge a complaint about lack of access to legal materials. Petrullo also alleges that he has asked jail staff about ordering legal books directly from the publisher, a practice not normally allowed at RSW. He has not received a response to this request.

Petrullo filed this § 1983 action against the RSW superintendant, alleging denial of access to courts. As relief, he seeks monetary damages and interlocutory injunctive relief ordering RSW to improve the law library.[1]

---

[1] Petrullo also seeks appointment of counsel to assist him in this civil rights action. He is advised that "a § 1983 litigant has no right to appointed counsel . . . ." *McMillian v. Wake Cty. Sheriff's Dep't*, 399 F. App'x 824, 829 (4th Cir. 2010) (unpublished) (citing *Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968)). Only in exceptional circumstances will a district court request counsel to represent an indigent civil litigant who "has a colorable claim but lacks the capacity to present it." *Id.* (quoting *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984)). Petrullo has presented no such circumstance warranting appointment of counsel in this civil action.

## II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Inmates have a constitutional right to reasonable access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996). To plead a claim that he was denied access to the courts, however, a plaintiff must identify, with specificity, a non-frivolous legal claim that the defendant's actions or omissions prevented him from litigating. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 353 n. 3. Furthermore, when the state provides assistance for indigent criminal defendants, such as court-appointed defense counsel or standby counsel, the Constitution does not require the state to provide, in addition, sufficient law library resources for an indigent defendant who prefers to represent himself. *See, e.g.,*

*Bounds v. Smith*, 430 U.S. 817, 828 (1977) (holding that constitutional right to access courts requires prisons to provide prisoners with *either* adequate law libraries or adequate assistance from persons trained in the law); *Spates v. Manson*, 644 F.2d 80, 85 (2d Cir. 1981) (holding that right to represent oneself in criminal action "does not carry with it a right to state-financed library resources where state-financed legal assistance is available"). Moreover, if the § 1983 plaintiff fails to make specific allegations as to an actual injury sustained to his legal efforts, the court may summarily dismiss his civil claim. *See, e.g., Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006) (finding sua sponte dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (holding that prisoner cannot "rely on conclusory allegations" in claim of denial of access).

Although Petrullo states that he is representing himself on criminal charges, he does not provide any information about the types of charges he faces, the status of his case, or any particular defense for which he needs to do legal research. Most importantly, Petrullo does not allege that he has no access to state-funded assistance with his defense in the criminal proceedings, through appointment of a defense lawyer, or appointment of stand-by counsel, to assist Petrullo with legal research and procedural information. Thus, Petrullo does not state facts showing any particular harm to his litigation efforts caused, or likely to be caused, by the

alleged inadequacies of the research resources the jail provides.[2]   Accordingly I will summarily dismiss without prejudice his § 1983 action under § 1915A(b)(1), for failure to state a claim, and deny his request for interlocutory injunctive relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (holding that preliminary injunctive relief should be granted only where plaintiff establishes "that he is *likely* to succeed on the merits, that he is *likely* to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor; *and* that an injunction is in the public interest") (emphasis added).

A separate Order will be entered herewith.

DATED:   November 9, 2015

/s/  James P. Jones
United States District Judge

---

[2]    Petrullo also attempts to assert a § 1983 claim based on his allegedly unsuccessful efforts to obtain a grievance form at RSW.   Inmates do not have a constitutionally protected right to a grievance procedure.  *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).   As such, Petrullo's inability to access the RSW grievance procedure does not implicate any constitutionally protected right so as to be actionable under § 1983.

-5-